

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

MARIO D. BLUE

VS.

MICHAEL J. RYAN
DAVID A. BASINSKI
MARY E. KILBANE
HOLLEY M. MADIGAN
MARY BUSH
LATINA BAILEY-WILLIAMS
AMY G. MCCLURG
CHARLES E. HANNAN

<u>CIVIL RIGHTS COMPLAINT</u>
(42 U.S.C §1983)

1:19 CV 962

CASE NUMBER: _____

JUDGE OLIVER

JUDGE: _____

MAG. JUDGE GREENBERG

---

## JURISDICTION

42 U.S.C §1983 for deprivation of rights under color of law against 42 CFR § 75.2 contractors masquerading as state and local officials.

---

Independent Capacity for the Contractor- The contractor and its agents, employees and subcontractors will act in performance of this IV-D Contract in an independent capacity and not as officers or employees or agents of the State of Ohio or the CSEA.

*Recited from "Conditions of Contract"-Line 18.) OF the IV-D Contract.*

## DEFENDEANTS

Michael J. Ryan is a citizen of the state of Ohio.
He is employed as a Judge for the Cuyahoga County Court of Common Pleas
Juvenile Division Justice Center.

Was the defendant acting under the authority or color of state law at the time
these claims occurred?  YES _X_ NO___ . If your answer is "YES" briefly explain.

Michael J. Ryan performed as a Judicial Judge (state official, state employee)
under an independent contract conducted with the CSEA (Third party agency).

---

David A. Basinski is a citizen of the state of Ohio.
He is employed as a visiting Judge for the Cuyahoga County Court of Common
Pleas Juvenile Division Justice Center.

Was the defendant acting under the authority or color of state law at the time
these claims occurred?  YES _X_ NO___ . If your answer is "YES" briefly explain.

David A. Basinski performed as a visiting Judicial Judge (state official, state
employee) under an independent contract conducted with the CSEA (Third party
agency).

---

Mary E. Klibane is a citizen of the state of Ohio.
She is employed as a Judge for the Eighth District Court of Appeals in Cuyahoga
County.

Was the defendant acting under the authority or color of state law at the time
these claims occurred?  YES _X_ NO___ . If your answer is "YES" briefly explain.

Mary E. Klibane performed as a Judicial Judge (state official, state employee)
under an independent contract conducted with the CSEA (Third party agency).

---

Holley M. Madigan is a citizen of the state of Ohio.
She is employed as a Magistrate for the Cuyahoga County Court of Common Pleas Juvenile Division Justice Center.

Was the defendant acting under the authority or color of state law at the time these claims occurred?  YES ✗ NO___. If your answer is "YES" briefly explain.

Holley M. Madigan performed as a Judicial Magistrate (state official, state employee) under an independent contract conducted with the CSEA (Third party agency).

---

Mary Bush is a citizen of the state of Ohio.
She is employed as a Magistrate for the Cuyahoga County Court of Common Pleas Juvenile Division Justice Center.

Was the defendant acting under the authority or color of state law at the time these claims occurred?  YES ✗ NO___. If your answer is "YES" briefly explain.

Mary Bush performed as a Judicial Magistrate (state official, state employee) under an independent contract conducted with the CSEA (Third party agency).

---

Latina Bailey-Williams is a citizen of the state of Ohio.
She is employed as an Assistant Prosecutor Attorney for the Cuyahoga County.

Was the defendant acting under the authority or color of state law at the time these claims occurred?  YES ✗ NO___. If your answer is "YES" briefly explain.

Latina Bailey-Williams performed as an Assistant Prosecutor Attorney (state official, state employee) under an independent contract conducted with the CSEA (Third party agency).

---

Amy G. McClurg is a citizen of the state of Ohio.
She is employed as an Assistant Prosecutor Attorney for the Cuyahoga County.

Was the defendant acting under the authority or color of state law at the time
these claims occurred? YES ✗ NO___. If your answer is "YES" briefly explain.

Amy G. McClurg performed as an Assistant Prosecutor Attorney (state official,
state employee) under an independent contract conducted with the CSEA (Third
party agency).

---

Charles E. Hannan is a citizen of the state of Ohio.
He is employed as an Assistant Prosecutor Attorney for the Cuyahoga County.

Was the defendant acting under the authority or color of state law at the time
these claims occurred? YES ✗ NO___. If your answer is "YES" briefly explain.

Charles E. Hannan performed as an Assistant Prosecutor Attorney (state official,
state employee) under an independent contract conducted with the CSEA (Third
party agency).

---

## NATURE OF CASE

Defendants stated upon this complaint- violated Mario D. Blue Fifth Amendment
right of the United States Constitution; each defendant deprived Mario D. Blue of
his personal property that was unlawfully obtained/garnished without due
process of the law while entering into an independent contract with the CSEA to
perform paid judicial services and acts under color of law. (*No person shall be held
to answer for a capital, or otherwise infamous crime, unless on a presentment or
indictment of a Grand Jury, except in cases arising in the land or naval forces, or in
the Militia, when in actual service in time of War or public danger; nor shall any
person be subject for the same offence to be twice put in jeopardy of life or limb;
nor shall be compelled in any criminal case to be a witness against himself, nor be
deprived of life, liberty, or property, without due process of law; nor shall private
property be taken for public use, without just compensation.*) **Fifth Amendment -
U.S. Constitution.**

## CAUSE OF ACTION

On July 24th 2017, at 10:10am- a motion (DEMAND TO VACATE SUPPORT ORDER) was entered into the Cuyahoga Juvenile Clerk of Courts by Mario D. Blue in reference of relief from the Juvenile Courts for a Child Support Order conducted by the CSEA on 06/1/2017. On July 27th 2017 Michael J. Ryan violated Mario D. Blue Fifth Constitutional right by depriving him of due process from having his personal property obtained unlawfully, and entering a dismissal journal entry in reference to the (DEMAND TO VACATE SUPPORT ORDER) that was entered into the Juvenile Courts by Mario D. Blue for court relief. Michael J. Ryan holds the authority of a Judicial Judge to honor Mario D. Blue Fifth constitutional right of due process without just compensation from a third party agency (CSEA) in obtaining his personal property unlawfully. Michael J. Ryan violated Mario D. Blue Fifth Constitutional right due to the private obligation and agreement established with himself, the CSEA and IV-D contract in which services he was paid to provide independently while using his authority as a Judicial Judge wrongfully under color of law.

On August 10th 2017, at 3:20pm- a motion (DEMAND TO VACATE SUPPORT ORDER) was entered into the Cuyahoga Juvenile Clerk of Courts by Mario D. Blue in reference of relief from the Juvenile Courts for a Child Support Order conducted by the CSEA on 06/1/2017. On August 23rd, 2017 Holley M. Madigan violated Mario D. Blue Fifth Constitutional right by depriving him of due process from having his personal property obtained unlawfully, and entering a dismissal journal entry and holding a judicial court hearing on August 8th, 2017 at the Cuyahoga County Juvenile Courts in reference to the (DEMAND TO VACATE SUPPORT ORDER) that was entered into the Juvenile Courts by Mario D. Blue for court relief. Holley M. Madigan holds the authority of a Judicial Magistrate to honor Mario D. Blue Fifth Constitutional right of due process without just compensation from a third party agency (CSEA) in obtaining his personal property unlawfully. Holley M. Madigan violated Mario D. Blue Fifth Constitutional right due to the private obligation and agreement established with herself, the CSEA and IV-D contract in which services she was paid to provide independently while using her authority as a Judicial Magistrate wrongfully under color of law.

On August 21th 2017, at 2:42pm- a motion (DEMAND TO VACATE SUPPORT ORDER, WRIT OF QUO WARRANTO) was entered into the Cuyahoga Juvenile Clerk of Courts by Mario D. Blue in reference of relief from the Juvenile Courts for a Child Support Order conducted by the CSEA on 06/1/2017. On April 10th, 2018 David A. Basinski violated Mario D. Blue Fifth Constitutional right by depriving him of due process from having his personal property obtained unlawfully, and entering a dismissal journal entry on April 10th, 2018 and holding a judicial court hearing on March 29th, 2018 at the Cuyahoga County Juvenile Courts in reference to the (DEMAND TO VACATE SUPPORT ORDER, WRIT OF QUO WARRANTO) that was entered into the Juvenile Courts by Mario D. Blue for court relief. David A. Basinski holds the authority of a visiting Judicial Judge to honor Mario D. Blue Fifth Constitutional right of due process without just compensation from a third party agency (CSEA) in obtaining his personal property unlawfully. David A. Basinski violated Mario D. Blue Fifth Constitutional right due to the private obligation and agreement established with himself, the CSEA and IV-D contract in which services he was paid to provide independently while using his authority as a visiting Judicial Judge wrongfully under color of law.

On October 16th 2018, at 3:04pm- a motion (DEMAND TO VACATE SUPPORT ORDER, TERMENATE ARRERAS) was entered into the Cuyahoga Juvenile Clerk of Courts by Mario D. Blue in reference of relief from the Juvenile Courts for a Child Support Order conducted by the CSEA on 06/1/2017. On October 23rd, 2018 Mary Bush violated Mario D. Blue Fifth Constitutional right by depriving him of due process from having his personal property obtained unlawfully, and entering a dismissal with prejudice under a dead case number journal entry on October 23rd, 2018 and holding a judicial court hearing on October 26th, 2018 at the Cuyahoga County Juvenile Courts in reference to the (DEMAND TO VACATE SUPPORT ORDER, TERMENATE ARRERAS) that was entered into the Juvenile Courts by Mario D. Blue for court relief. Mary Bush holds the authority of a Judicial Magistrate to honor Mario D. Blue Fifth Constitutional right of due process without just compensation from a third party agency (CSEA) in obtaining his personal property unlawfully. Mary Bush violated Mario D. Blue Fifth Constitutional right due to the private obligation and agreement established with herself, the CSEA and IV-D contract in which services she was paid to provide independently while using her authority as a Judicial Magistrate wrongfully under color of law.

On August 24th 2017, at 10:10am- a motion (WRIT OF MANDAMUS) was entered into the Eighth District Court of Appeals in Cuyahoga County by Mario D. Blue in reference of relief from the Eighth District Court of Appeals for a Child Support Order conducted by the CSEA on 06/1/2017. On October 3rd 2017 Charles E. Hannan violated Mario D. Blue Fifth Constitutional right by depriving him of due process from having his personal property obtained unlawfully, and entering a dismissal journal entry in reference to the (WRIT OF MANDAMUS) that was entered into the Eighth District Court of Appeals by Mario D. Blue for court relief. Charles E. Hannan holds the authority of a Judicial Assistant Prosecutor Attorney to honor Mario D. Blue Fifth Constitutional right of due process without just compensation from a third party agency (CSEA) in obtaining his personal property unlawfully. Charles E. Hannan violated Mario D. Blue Fifth Constitutional right due to the private obligation and agreement established with himself, the CSEA and IV-D contract in which services he was paid to provide independently while using his authority as an Assistant Prosecutor Attorney wrongfully under color of law.

On October 26th 2018, at 1:31pm- a motion (DEMAND TO VACATE SUPPORT ORDER, TERMENATE ARRERAS) was entered into the Juvenile Courts in Cuyahoga County by Mario D. Blue in reference of relief from the Juvenile Courts for a Child Support Order conducted by the CSEA on 06/1/2017. On January 23rd, 2019 Latina Bailey-Williams violated Mario D. Blue Fifth Constitutional right in a judicial court hearing by depriving him of due process from having his personal property obtained unlawfully, and entering a dismissal journal entry on February 14, 2019 in reference to the (DEMAND TO VACATE SUPPORT ORDER, TERMENATE ARRERAS) that was entered into the Juvenile Courts by Mario D. Blue for court relief. Latina Bailey-Williams holds the authority of a Judicial Assistant Prosecutor Attorney to honor Mario D. Blue Fifth Constitutional right of due process without just compensation from a third party agency (CSEA) in obtaining his personal property unlawfully. Latina Bailey-Williams violated Mario D. Blue Fifth Constitutional right due to the private obligation and agreement established with herself, the CSEA and IV-D contract in which services she was paid to provide independently while using her authority as an Assistant Prosecutor Attorney wrongfully under color of law.

On August 21th 2017, at 2:42pm- a motion (DEMAND TO VACATE SUPPORT ORDER, WRIT OF QUO WARRANTO) was entered into the Cuyahoga Juvenile Clerk of Courts by Mario D. Blue in reference of relief from the Juvenile Courts for a Child Support Order conducted by the CSEA on 06/1/2017. On April 10th, 2018 Amy G. McClurg violated Mario D. Blue Fifth Constitutional right by depriving him of due process from having his personal property obtained unlawfully, and entering a dismissal journal entry on April 10th, 2018 and holding a judicial court hearing on March 29th, 2018 at the Cuyahoga County Juvenile Courts in reference to the (DEMAND TO VACATE SUPPORT ORDER, WRIT OF QUO WARRANTO) that was entered into the Juvenile Courts by Mario D. Blue for court relief. Amy G. McClurg held the authority of an Assistant Prosecutor Attorney to honor Mario D. Blue Fifth Constitutional right of due process without just compensation from a third party agency (CSEA) in obtaining his personal property unlawfully. Amy G. McClurg violated Mario D. Blue Fifth Constitutional right due to the private obligation and agreement established with herself, the CSEA and IV-D contract in which services she was paid to provide independently while using her authority as an Assistant Prosecutor Attorney wrongfully under color of law.

On August 28th 2017, - a motion (WRIT OF CERTIORARI, WRIT OF MANDAMUS) was entered into the Eighth District Court of Appeals by Mario D. Blue in reference of relief from the Eighth District Court of Appeals for a Child Support Order conducted by the CSEA on 06/1/2017. On July 27th 2017 Mary E. Kilbane violated Mario D. Blue Fifth Constitutional right by depriving him of due process from having his personal property obtained unlawfully, and entering a dismissal journal entry on October 3rd, 2017 in reference to the (WRIT OF CERTIORARI, WRIT OF MANDAMUS) that was entered into the Eighth District Court of Appeals by Mario D. Blue for court relief. Mary E. Kilbane held the authority of a Judicial Judge to honor Mario D. Blue Fifth Constitutional right of due process without just compensation from a third party agency (CSEA) in obtaining his personal property unlawfully. Mary E. Kilbane violated Mario D. Blue Fifth Constitutional right due to the private obligation and agreement established with herself, the CSEA and IV-D contract in which services she was paid to provide independently while using her authority as a Judicial Judge wrongfully under color of law.

## INJURY

Due to the violation of the plaintiffs Fifth Constitutional right- which has been unlawfully approved for personal property to be obtained without due process, the forcing of financial hardship is the lead and continuing result of this situation. Loss of real estates; due to unlawful garnishments of personal property- monthly mortgages were not satisfied. Loss of motor vehicles; due to unlawful garnishments of personal property- monthly notes were not satisfied. Loss of employment; due to unlawful garnishments of personal property- the financial needs needed to attend places of employment were not met- which caused termination of employment. In terms; due to unlawful garnishments of personal property- the plaintiff found some financial relief by filing Chapter 7 bankruptcy on August 8th 2018. Due to the violation of the plaintiff's Fifth Constitutional right- which has been unlawfully allowed for personal property to be obtained and taken, pain and suffering is the lead and continuing result of this situation. Loss of family time; due to unlawful garnishments of personal property- the plaintiff has to seek numerous places of employment (2-3 jobs at a time) to substitute and replace the property that was unlawfully garnished by the CSEA. All of the plaintiff's time is now fully devoted to the places of employment to meet the requirements of all living expenses for himself and his family.

## PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

DEMAND TO VACATE SUPPORT ORDER- Entered and filed in the Juvenile Courts July 3rd, 2017 at 1:25pm. Judgement: DISMISSED.

DEMAND TO VACATE SUPPORT ORDER- Entered and filed in the Juvenile Courts July 3rd, 2017 at 3:00pm. Judgement: DISMISSED.

OBJECTION, TRAIL BY JURY- Entered and filed in the Juvenile Courts July 7th, 2017 at 2:30pm. Judgement: DISMISSED.

OBJECTION, WRIT OF DISCOVERY- Entered and filed in the Juvenile Courts July 24th, 2017 at 10:10am. Judgement: DISMISSED.

OBJECTION, DISMISSAL CORAM NON JUDICE- Entered and filed in the Juvenile Courts July 24th, 2017 at 10:10am. Judgement: DISMISSED.

DEMAND TO VACATE SUPPORT ORDER- Entered and filed in the Juvenile Courts August 10th, 2017 at 3:20pm. Judgement: DISMISSED.

NOTE OF DEMAND, WRIT OF QUO WARRANTO- Entered and filed in the Juvenile Courts August 21st, 2017 at 2:42pm. Judgement: DISMISSED.

OBJECTION- Entered and filed in the Juvenile Courts August 21th, 2017 at 2:43pm. Judgement: DISMISSED.

SPECIAL APPERANCE, DEMAND PROOF OF INJURY- Entered and filed in the Juvenile Courts August 28th, 2017 at 2:28pm. Judgement: DISMISSED.

WAIVER OF CHILD SUPPORT ARREARS- Entered and filed in the Juvenile Courts October 26th, 2018 at 1:31pm. Judgement: DISMISSED.

WRIT OF MANDAMUS- Entered and filed in the Eighth District Court of Appeals August 24th, 2017. Judgement: DISMISSED.

WRIT OF CERTIORARI- Entered and filed in the Eighth District Court of Appeals August 28th, 2017. Judgement: DISMISSED.

OBJECTION, DEMAN DISMISSAL- Entered and filed in the Eighth District Court of Appeals September 1st, 2017. Judgement: DISMISSED.

<u>REQUEST FOR RELIEF</u>

Due to the injuries caused, relief is being requested from this court to grant to the plaintiff; Termination and dismissal of the child support order conducted by the CSEA on 06/1/2017 with prejudice; All properties ($20,758.05) returned immediately to the plaintiffs that was garnished and unlawfully obtained by the CSEA; A money judgment of $20,000 paid to the plaintiff from each defendant listed upon this compliant who willfully entered into an private contract with the CSEA- which in terms deprived the plaintiff of his Constitutional rights. Relief is being requested by this court due to prior, present and future financial hardship

which was caused from the unlawful behavior of the CSEA and listed defendants upon this compliant.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

4-30-19

_____          _____
Signature                                          Date

Mario D. Blue
4212 E186th Street,
Cleveland Ohio, 44122

## CONCLUSION OF COMPLIANT

The CSEA is a private entity (a third party collection agency), separate from the Courts- with absolutely no judicial standings or lawful authority. The CSEA contracts with Governmental entities- in which judicial authority and lawful acts are purchased from state officials and officers privately and independently for payments in return. The Governmental entities who enters into these private and independently contracts, violates their oath to office by performing as judicial officers and officials while providing fraud acts under a contract established between themselves and an third party collection agency for personal payments and federal funding's. Constitutional rights of many American citizens are deprived and violated because of these personal and private contracts.

**CSPMTL 90**

*Effective Date: June 1, 2014\*

*Most Current Prior Effective Date:* <u>August 15, 2013</u>

(A)   This rule and its supplemental rules describe the process by which a child support enforcement agency (CSEA) enters into a IV-D contract with a governmental entity or a private entity to provide IV-D services and for the CSEA to receive federal financial participation (FFP) reimbursement to offset the cost of the purchase of the services under a IV-D contract. The principles of FFP reimbursement are described in rules **5101:12-1-60** and **5101:12-1-60.1** of the Administrative Code.

(B)   The following terms and definitions apply to this rule and its supplemental rules:

    (1)   "Allowable cost" refers to a cost under a IV-D contract that meets the following general criteria:

        (a)   The cost is necessary and reasonable for the proper and efficient performance and administration of the IV-D contract.

        (b)   The cost is allocable to the support enforcement program under the provisions of 2 C.F.R., subtitle A, chapter II, part 225 (8/31/2005) (circular A-87 of the federal office of management and budget).

        (c)   The cost is authorized or not prohibited under state or local laws or regulations.

        (d)   The cost conforms to any limitation or exclusion under the provisions of 2 C.F.R., subtitle A, chapter II, part 225.

        (e)   The cost is consistent with policies, regulations, and procedures of the support enforcement program.

        (f)   Unless otherwise provided for in 2 C.F.R., subtitle A, chapter II, part 225, the cost is determined in accordance with generally accepted accounting principles.

    (2)   "Calendar quarter" means one of the following three-month time periods:

        (a)   January first through March thirty-first;

        (b)   April first through June thirtieth;

        (c)   July first through September thirtieth; or

        (d)   October first through December thirty-first.

    (3)   "Contractor" refers to a private or governmental entity with whom the CSEA enters into a IV-D contract.

    (4)   "Governmental entity" includes the following entities in the same county as the CSEA:

        (a)   A court;

        (b)   A prosecutor or other law enforcement official;

        (c)   A sheriff;

        (d)   A clerk of court;

        (e)   A recorder's office;

        (f)   A treasurer's office; or

        (g)   Any other public or governmental agency or official.

    (5)   "Initiated by the CSEA" or "CSEA initiated" refers to an activity that is started by the CSEA, which includes but is not limited to:

        (a)   A complaint or motion filed by the CSEA, including a complaint or motion in which the CSEA requests to be joined as a party to the case; and

(b)     A court hearing or other proceeding before a magistrate that is the result of a timely objection to an administrative recommendation, determination, decision, or order issued by the CSEA.

(6)    "IV-D case" means a case that has been approved for IV-D services as described in rule **5101:12-10-01.1** of the Administrative Code.

(7)    "IV-D contract" means a mutually binding, legal relationship obligating a private or governmental entity to provide IV-D services in a IV-D case or perform other administrative duties of the CSEA that pertain to a IV-D case in return for payment by the CSEA. A IV-D contract is executed through the **JFS 07018**, "IV-D Contract" (~~rev. 11/2012~~effective or revised effective date as identified in rule 5101:12-1-99 of the Administrative Code) and **JFS 07037**, "IV-D Contract Amendment" (~~rev. 2/2009~~effective or revised effective date as identified in rule 5101:12-1-99 of the Administrative Code).

(8)    "IV-D contract documents" refers to the following forms (effective or revised effective date as identified in rule 5101:12-1-99 of the Administrative Code):

(a)     **JFS 01728**, "Daily Time Sheet for Non-Dedicated Principal Staff" ~~(2/2009)~~;

(b)     **JFS 01729**, "Monthly Time Sheet Summary for Non-Dedicated Principal Staff" ~~(2/2009)~~;

(c)     **JFS 01730**, "Dedicated Principal Staff Exception Report" ~~(2/2009)~~;

(d)     **JFS 01731**, "Monthly Time Summary for Governmental Contractor" ~~(2/2009)~~;

(e)     **JFS 01772**, "IV-D Contract Cover Letter" ~~(rev. 5/2013)~~;

(f)     **JFS 02015**, "IV-D Contract Time Study" ~~(rev. 2/2009)~~;

(g)     **JFS 02151**, "IV-D Contract Evaluation" ~~(rev. 5/2013)~~;

(h)     **JFS 07015**, "Certification of Compliance with Competitive Sealed Bid Requirements" ~~(rev. 2/2009)~~;

(i)     **JFS 07016**, "IV-D Contract Security Addendum" ~~(rev. 2/2009)~~;

(j)     **JFS 07018**;

(k)     **JFS 07020**, "Governmental Contractor IV-D Contract Budget" ~~(rev. 2/2009)~~;

(l)     **JFS 07034**, "Governmental Contractor Monthly Expense Report" ~~(rev. 2/2009)~~;

(m)     **JFS 07035**, "IV-D Contract Invoice" ~~(rev. 2/2009)~~; and

(n)     **JFS 07037**.

(9)    "IV-D services" has the same meaning as in rule **5101:12-1-10.1** of the Administrative Code.

(10)   "Law enforcement official" means district attorneys, attorneys general, and similar public attorneys and prosecutors and their staff.

(11)   "Non-federal share" has the same meaning as in paragraph (A)(3)(a) of rule **5101:12-1-50** of the Administrative Code. The non-federal share is calculated by subtracting the current FFP reimbursement rate, as defined in rule 5101:12-1-60 of the Administrative Code, from one hundred per cent. The remaining percentage is the non-federal share.

(12)   "Not initiated by the CSEA" or "non-CSEA initiated" refers to an activity that is not started by the CSEA, which includes but is not limited to:

(a)     A court hearing or other proceeding held as a result of a complaint or motion filed by a private attorney or any entity other than the CSEA;

(b)     An activity performed by the CSEA in response to an action filed by a private attorney or any other entity other than the CSEA including but not limited to witness testimony, preparation of guidelines calculations, or responding to subpoenas duces tecum; and

  (c) An action taken by a CSEA when the CSEA has not requested to be but is joined as a party to the case.

(13) "Private entity" means a company, organization, or individual that does not meet the definition of "governmental entity."

(14) "Reasonable cost" in accordance with 2 C.F.R., subtitle A, chapter II, part 225, means a cost that by its nature and amount does not exceed the cost that would be incurred by a prudent person under the circumstances prevailing at the time the decision was made to incur the cost. Considerations include but are not limited to whether:

  (a) The cost is generally recognized as an ordinary and necessary operating expense;

  (b) Sound business practices and arms-length bargaining have been utilized;

  (c) Market prices for comparable goods or services have been considered;

  (d) The individuals involved in the IV-D contract process have acted with prudence considering the individuals' responsibilities to the CSEA; and

  (e) The cost does not significantly deviate from established practices of the CSEA.

(15) "Total IV-D contract cost" means one hundred per cent of the cost of the services purchased or duties performed under a IV-D contract.

(C) IV-D contracts.

 (1) In accordance with section 3125.14 of the Revised Code, the CSEA is required to enter into a IV-D contract with a court and law enforcement official in the same county as the CSEA to provide for the enforcement of a support order.

 (2) If a court or law enforcement official declines or fails to enter into a IV-D contract with the CSEA, the CSEA must document any attempt to enter into a IV-D contract with the court or law enforcement official and retain the documentation in accordance with rule **5101:12-1-80.4** of the Administrative Code.

(D) Types of IV-D contracts.

The types of IV-D contracts that the CSEA may elect to enter into include but are not limited to:

 (1) A IV-D contract with a prosecutor in the same county as the CSEA or a private attorney to provide legal services.

 (2) A IV-D contract with a prosecutor in the same county as the CSEA to provide service of process, including warrants for arrest.

 (3) A IV-D contract with the sheriff in the same county as the CSEA to provide service of process, including warrants for arrest.

  The CSEA may enter into a IV-D contract with a person or private entity to provide service of process only when the CSEA determines that the sheriff is unable to provide the resources necessary for service of process in a timely manner.

 (4) A IV-D contract with a private entity to provide service of process, excluding warrants for arrest.

 (5) A IV-D contract with a court or a clerk of court in the same county as the CSEA to provide the duties of a clerk of court that are initiated by the CSEA.

 (6) A IV-D contract with a court in the same county as the CSEA to provide magistrate services. The CSEA may elect to purchase:

  (a) Only CSEA initiated activities; or

  (b) Both CSEA initiated and non-CSEA initiated activities.

 (7) A IV-D contract with a court in the same county as the CSEA for probation officer services to provide enforcement duties that target only individuals placed on probation for non-payment of child support when the enforcement duties of the probation officer are:

    (a)   Specifically for the purposes of assuring regular and continuing payments of child support; and

    (b)   Not generally a part of a probation officer's routine of monitoring the whereabouts and activities of an offender.

(8)   A IV-D contract with a private entity to provide collection services.

In accordance with section 3125.30 of the Revised Code, the private entity shall forward any payments collected under the IV-D contract to child support payment central, within the office of office of child support (OCS), within the Ohio department of job and family services, no later than one day after the receipt of the payments.

(E)  Requirements when the CSEA enters into a IV-D contract with a court for magistrate services and the CSEA elects to purchase both CSEA initiated and non-CSEA initiated activities.

  (1)  The court shall certify that all court hearings are conducted in compliance with Title IV-D of the Social Security Act, Pub. L. No. 93-647, 88 Stat. 2351 (1975), 42 U.S.C. 651 (8/22/1996), as amended up until the effective date of this rule, and the rules in division 5101:12 of the Administrative Code.

  (2)  A court hearing is defined as a hearing or other proceeding held as a result of a complaint or motion filed for the following reasons, including but not limited to:

    (a)   Establishment of paternity;

    (b)   Establishment and modification of a child support order or medical support order;

    (c)   Enforcement of a support order; and

    (d)   Collection of a support obligation.

  (3)  No party may be charged court costs for a court hearing unless the court costs are required by state law. If court costs are assessed and collected, the contractor shall report the collection as income on the JFS 07020.

  (4)  The CSEA shall certify that each case listed on the JFS 07035 was an active, open IV-D case on the date that the court hearing was held.

(F)  Limitations when the CSEA intends to enter into or enters into a IV-D contract with a prosecutor or private attorney to provide legal services as described in section 3125.17 of the Revised Code:

  (1)  The CSEA shall not enter into a IV-D contract with a prosecutor or his or her employees as a private attorney during the prosecutor's term of office.

  (2)  The prosecutor or private attorney shall not represent the CSEA on matters in which that prosecutor or private attorney participated as a CSEA administrative officer making administrative determinations or issuing administrative orders.

(G)  Competitive sealed bid and proposal requirements for a IV-D contract with a private entity.

  (1)  A CSEA administered by a county department of job and family services (CDJFS) that intends to enter into a IV-D contract with a private entity may elect to use either the competitive sealed bid process described in section 307.86 of the Revised Code, or the competitive sealed proposal process described in section 307.862 of the Revised Code.

  (2)  A CSEA not administered by a CDJFS that intends to enter into a IV-D contract with a private entity shall use the competitive sealed bid process described in section 307.86 of the Revised Code.

  (3)  A CSEA that is not administered by a CDJFS or a CSEA that is administered by a CDJFS that elects to use the competitive sealed bid process shall comply with all competitive sealed bid requirements, including but not limited to the following:

    (a)   The standards for competitive sealed bidding, as described in sections 307.86, 307.861, 307.87, 307.88, 307.89, 307.90, 307.91, and 307.92 of the Revised Code;

(b) The standards for acquisition, county standards of conduct, contracting with small and minority business, women's business enterprise, and labor surplus area firms, procurement methods, competition, and purchase threshold, as described in Chapter **5101:9-4** of the Administrative Code; and

(c) The standards for procurement, competition, acquisition threshold, contracting with small and minority business, women's business enterprise, and labor surplus area firms, contract cost and price, awarding agency review, and bonding requirements, as described in 45 C.F.R. 92.36 (4/19/1995).

(4) The CSEA shall complete and submit to OCS the JFS 07015 to either certify that the CSEA is in compliance with applicable state and federal laws regarding the competitive sealed bid requirements or indicate that the CSEA, if administered by a CDJFS, has elected to use the competitive sealed proposal process.

Effective: 06/01/2014

R.C. 119.032 review dates: 08/01/2018

Certification: CERTIFIED ELECTRONICALLY

Date: 04/07/2014

Promulgated Under: 119.03

Statutory Authority: 3125.25

Rule Amplifies: 3125.13, 3125.14, 3125.141, 3125.17

Prior Effective Dates: 8/1/75, 12/1/78 (Emer), 8/1/82, 7/1/87 (Emer), 7/1/87, 8/3/87, 12/1/87 (Emer), 12/1/87, 2/29/88, 11/27/89 (Emer), 2/1/90, 2/19/90, 4/10/92, 7/15/92, 11/1/93, 7/1/96, 2/1/97, 7/1/02, 1/1/04, 12/2/04, 2/16/06, 2/15/09, 8/15/13

# Payment History Report

**FINANCIAL TRANSACTION HISTORY PERIOD:**
05/01/2017 - 04/23/2019

**CUYAHOGA COUNTY CHILD SUPPORT ENFORCEMENT AGENCY**
1640 SUPERIOR AVE. EAST
P.O. BOX 93318
CLEVELAND, OH,  44101-5318
(216)443-5100
(800)443-1431

**Date Printed:  04/24/2019**
**Case Number:  7106879906**                                                              **Obligee Name: Chelsea T Murray**
**Order Number:  P201701171 OH180**                                          **Obligor Name: Mario D Blue**

## Monthly Support

Child: $755.78

Additional: $66.12

Total: $821.90

## As of: 04/23/2019

Current Month Unpaid Balance: $415.46                    Total Credits: $0.00

Past Due Unpaid Balance: $8,649.43                          Funds on Hold: $0.00

Total Unpaid Balance: $9,014.89

| Transaction Date | Collection Amount | Collection Applied to: | | Collection Sent to: | | | |
|---|---|---|---|---|---|---|---|
| | | Current Support | Past Due Support | Family | Other | Refunded | Fees |
| 04/17/2019 | | | | 379.34 | | | |
| 04/17/2019 | 379.34 | 379.34 | | | | | |
| 04/03/2019 | | | | 27.10 | | | |
| 04/03/2019 | 27.10 | 27.10 | | | | | |
| 01/03/2019 | | | | 772.00 | | | |
| 01/03/2019 | 772.00 | 755.78 | 16.22 | | | | |
| 12/04/2018 | | | | 772.00 | | | |
| 12/04/2018 | 772.00 | 772.00 | | | | | |
| 11/05/2018 | | | | 772.00 | | | |
| 11/05/2018 | 772.00 | 772.00 | | | | | |
| 10/02/2018 | | | | 772.00 | | | |
| 10/02/2018 | 772.00 | 772.00 | | | | | |
| 09/05/2018 | | | | 772.00 | | | |

4/24/2019  Payment History page

| Transaction Date | Collection Amount | Collection Applied to: | | Collection Sent to: | | | |
|---|---|---|---|---|---|---|---|
| | | Current Support | Past Due Support | Family | Other | Refunded | Fees |
| 09/05/2018 | 772.00 | 772.00 | | | | | |
| 08/02/2018 | | | | 771.00 | | | |
| 08/02/2018 | 771.00 | 771.00 | | | | | |
| 07/18/2018 | | | | 205.30 | | | |
| 07/18/2018 | 205.30 | 205.30 | | | | | |
| 07/03/2018 | | | | 807.54 | | | |
| 07/03/2018 | 807.54 | 807.54 | | | | | |
| 06/19/2018 | | | | 823.32 | | | |
| 06/19/2018 | 823.32 | 823.32 | | | | | |
| 06/05/2018 | | | | 817.64 | | | |
| 06/05/2018 | 817.64 | 817.64 | | | | | |
| 05/22/2018 | | | | 797.26 | | | |
| 05/22/2018 | 797.26 | 797.26 | | | | | |
| 05/08/2018 | | | | 802.76 | | | |
| 05/08/2018 | 802.76 | 802.76 | | | | | |
| 04/24/2018 | | | | 799.29 | | | |
| 04/24/2018 | 799.29 | 799.29 | | | | | |
| 04/10/2018 | | | | 799.28 | | | |
| 04/10/2018 | 799.28 | 799.28 | | | | | |
| 03/27/2018 | | | | 799.28 | | | |
| 03/27/2018 | 799.28 | 799.28 | | | | | |
| 03/22/2018 | | | | 31.00 | | | |
| 03/22/2018 | 31.00 | 31.00 | | | | | |
| 03/13/2018 | | | | 799.29 | | | |
| 03/13/2018 | 799.29 | 799.29 | | | | | |
| 02/27/2018 | | | | 791.21 | | | |
| 02/27/2018 | 791.21 | 791.21 | | | | | |
| 02/13/2018 | | | | 783.13 | | | |
| 02/13/2018 | 783.13 | 783.13 | | | | | |

| Transaction Date | Collection Amount | Collection Applied to: | | Collection Sent to: | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | Current Support | Past Due Support | Family | Other | Refunded | Fees |
| 01/30/2018 | | | | 788.99 | | | |
| 01/30/2018 | 788.99 | 788.99 | | | | | |
| 01/18/2018 | | | | 180.00 | | | |
| 01/18/2018 | 180.00 | 180.00 | | | | | |
| 01/09/2018 | | | | 175.00 | | | |
| 01/09/2018 | 175.00 | 175.00 | | | | | |
| 12/19/2017 | | | | 175.00 | | | |
| 12/19/2017 | 175.00 | 175.00 | | | | | |
| 12/06/2017 | | | | 328.37 | | | |
| 12/06/2017 | 328.37 | 328.37 | | | | | |
| 11/21/2017 | | | | 371.47 | | | |
| 11/21/2017 | 371.47 | 371.47 | | | | | |
| 11/07/2017 | | | | 600.73 | | | |
| 11/07/2017 | 600.73 | 600.73 | | | | | |
| 10/19/2017 | | | | 449.70 | | | |
| 10/19/2017 | 449.70 | 449.70 | | | | | |
| 10/05/2017 | | | | 398.69 | | | |
| 10/05/2017 | 398.69 | 398.69 | | | | | |
| 09/21/2017 | | | | 450.89 | | | |
| 09/21/2017 | 450.89 | 450.89 | | | | | |
| 08/31/2017 | | | | 180.00 | | | |
| 08/31/2017 | 180.00 | 180.00 | | | | | |
| 08/21/2017 | | | | 180.00 | | | |
| 08/21/2017 | 180.00 | 180.00 | | | | | |
| 08/16/2017 | | | | 180.00 | | | |
| 08/16/2017 | 180.00 | 180.00 | | | | | |
| 08/08/2017 | | | | 180.00 | | | |
| 08/08/2017 | 180.00 | 180.00 | | | | | |
| 08/02/2017 | | | | 175.00 | | | |

4/24/2019                                    Payment History page

| Transaction Date | Collection Amount | Collection Applied to: | | Collection Sent to: | | | |
|---|---|---|---|---|---|---|---|
| | | Current Support | Past Due Support | Family | Other | Refunded | Fees |
| 08/02/2017 | 175.00 | 175.00 | | | | | |
| 07/24/2017 | | | | 200.00 | | | |
| 07/24/2017 | 200.00 | 200.00 | | | | | |
| 06/19/2017 | | | | 1666.69 | | | |
| 06/19/2017 | | | | | | | 33.31 |
| 06/19/2017 | 1700.00 | 1666.69 | | | | | |

## Totals for 05/01/2017 - 04/23/2019

Collection Amount: **$20,807.58**

Applied to Current Support: **$20,758.05**       Sent to Family: **$20,774.27**       Refunded: **$0.00**
Applied to Past Due Support: **$16.22**       Sent to Other: **$0.00**       Sent to Fees: **$33.31**

---

**2019 Year to Date Collections by Obligation Type**

Child Support Total:  $1,178.44
Spousal Support Total:  $0.00
Medical Support Total:  $0.00
Other Total:  $0.00

---

**Prior Year Collections by Obligation Type**

Child Support Total:  $14,059.29
Spousal Support Total:  $0.00
Medical Support Total:  $0.00
Other Total:  $0.00
2018 Obligations Paid Total:  $14,059.29

---

*This report is intended to provide information regarding financial transactions processed for the report period as indicated above and may NOT reflect all financial transactions of the case. This payment history is not intended to be used for court purposes. Yearly total amounts reflect payments that have been received by child support as of the specified dates, not when they were disbursed.

## Explanation of Key Report Fields ▼

**Case Number:**  A unique 10-digit, system assigned number used to identify a Child Support Case

**Order Number:**  Court or administrative order number associated with the case number

**Date Printed:**  Date the report is generated

**Obligee / Obligor:**  Any person, including a state or political subdivision, owed support / The person who owes support

**Monthly Support/Child:**  (Current Child Support) The amount designated for the current month's amount of money an obligor is required to pay to provide support for the child(ren) of the case/order