UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIO D. BLUE, | Case No.: 1:19 CV 962 |
| Plaintiff | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| MICHAEL J. RYAN, et al., | |
| Defendants | MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff *pro se* Mario Blue brings this action pursuant to 42 U.S.C. § 1983 against defendants Michael Ryan, David Basinksi, Mary Kilbane, Holley Madigan, Mary Bush, Latina Baily-Williams, Amy McClurg, and Charles Hannan (collectively "Defendants"), alleging that they violated his Fifth Amendment rights under the United States Constitution with respect to a child support order issued by the Cuyahoga County Juvenile Court. (ECF No. 1). Plaintiff filed a motion to proceed with this case *in forma pauperis* (ECF No. 2), and that motion is granted.

For the reasons that follow, this action is dismissed.

## II. BACKGROUND

According to the Complaint, defendant Ryan is employed as a judge for the Cuyahoga County Court of Common Pleas, Juvenile Division ("Juvenile Court"), and defendant Basinski is

employed as a visiting judge for that same court. (ECF No. 1 at 2). Defendant Kilbane is employed as a judge for the Ohio Eighth District of Appeals. (*Id*.). Defendants Madigan and Bush are employed as magistrates for the Juvenile Court. (*Id*. at 3). Defendants Bailey-Williams, McClurg, and Hannan are employed as assistant prosecutors for Cuyahoga County. (*Id*. at 3-4).

Throughout the Complaint, Plaintiff refers to "CSEA" but does not specify to what this acronym refers. Given the context and a child support payment history attached to the Complaint, it appears that CSEA refers to Cuyahoga County's Child Support Enforcement Agency. (*See id*. at 18-21).

The Complaint also refers, without explanation, to a "IV-D" contract. Attached to the Complaint is Administrative Code § 5101:12-1-80. (*Id*. at 13-17). This administrative code section describes the process by which a CSEA may enter into a IV-D contract with a governmental or private entity to provide IV-D services and obtain federal financial reimbursement to offset the cost of purchasing services under a IV-D contract. (*Id*. at 13, ¶ A).[1]

---

[1] The court may take judicial notice of records and information located on government websites because they are self-authenticating. *See Maxberry v. Univ. of Kentucky Med. Ctr.*, 39 F. Supp. 3d 872, 875 n.5 (E.D. Ky. 2014) (citations omitted). According to the website of Cuyahoga County Job and Family services, IV-D refers to: " A title of the Social Security Act relating to individuals that participate in child support or spousal support services that are available by application or though participation in other benefit programs which establish and enforce a child support obligation." *See* https://cjfs.cuyahogacounty.us/en-US/ocss-glossary.aspx. Title IV of the Social Security Act may be found at https://www.ssa.gov/OP_Home/ssact/title04/0400.htm. Part D of Title IV is titled "Child Support and Establishment of Paternity." "A 'Title IV-D case' commonly refers to cases in which the child support enforcement agency is enforcing the child support order pursuant to Title IV-D of the Social Security Act, 88 Stat. 2351 (1975), 42 U.S.C. § 651, as amended." *Williams v. Wayne Cty. Friend of Court*, No. 16-12888, 2017 WL 3944393, at *1 n.1 (E.D. Mich. July 14, 2017), report and recommendation adopted sub nom. *Williams v. Wayne Cty. Friend of the Court*, No. 16-12888, 2017 WL 3913936 (E.D. Mich. Sept. 6, 2017), reconsideration denied sub nom. *Williams v. Wayne Cty. Friend of Court*, No. CV 16-12888, 2017 WL 6815019 (E.D. Mich. Oct. 6, 2017).

The claims in this case arise from a child support order issued by Ryan in the Juvenile Court on June 1, 2017. Plaintiff filed multiple motions and actions in the Juvenile Court and Eighth District Court of Appeals to obtain relief from that order, none of which were successful. *See id*. at 10-11. Plaintiff's claims in this action pertain to Defendants' respective roles in the various state court proceedings concerning the child support order, and he levels the same allegation against each defendant. That is, they violated his Fifth Amendment right by taking his property "due to the private obligation and agreement established with [the defendant], the CSEA and IV-D contract [for] services [defendant] was paid to provide independently while using" their authority in their respective positions as judges, magistrates, and county attorneys. (*See e.g. id*. at 5).

For relief, Plaintiff asks this court to (1) terminate the June 1, 2017 child support order; (2) return unlawfully garnished and obtained property totaling $20,758.05; and (3) award a money judgment of $20,000.00 from each defendant. (*Id*. at 10).

### III. DISCUSSION

#### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). While the court must construe the pleading in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998), the court is not required to conjure unpleaded facts or construct claims against a

defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) also governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564. A plausible pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief on the assumption that all of the allegations in the complaint are true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677-78.

Further, a district court may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) if it lacks subject matter jurisdiction, and has an independent obligation to determine whether subject matter jurisdiction exists. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)

### B. Analysis

#### 1. *Younger* abstention

It is unclear whether the state court proceedings regarding the child support order remain pending or are concluded. In either event, the court must dismiss this action.

If state court proceedings remain pending, then the court must not interfere with those proceedings. Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must abstain from interfering in state court proceedings if: "(1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate

opportunity to raise federal questions." *Lenard v. City of Cleveland*, Case No. 1:17 CV 440, 2017 WL 2832903 at *4 (N.D. Ohio June 30, 2017) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). In this case, Plaintiff may, and has, availed himself of various state court proceedings regarding the child support order. There are no allegations in the Complaint that the available state court proceedings do not afford Plaintiff an adequate opportunity to raise the constitutional claims he raises here. *See Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 14 (1987) (the burden is on plaintiff to demonstrate that state law prevents him from raising his federal claims in state court) (citations omitted). Moreover, child welfare and protection is unquestionably an important state interest. *Meyers v. Franklin Cty. Court of Common Pleas*, 23 F. App'x 201, 204-05 (6th Cir. 2001).

Accordingly, the requirements of *Younger* are satisfied and, to the extent that state court proceedings concerning the child support order remain pending, the court may not interfere with those proceedings and this action is dismissed.

### 2. *Rooker-Feldman* doctrine deprives the court of jurisdiction

If the state court proceedings concerning the child support order have concluded, the court lacks subject matter jurisdiction over this action. Plaintiff sought to vacate the child support order in numerous state court proceedings, none of which were successful. (*See* ECF No. 1 at 9-10). Plaintiff now asks this court to terminate the child support order. But the *Rooker-Feldman* doctrine forbids federal district courts from entertaining what is essentially an appeal of state court proceedings. That is, a losing party in state court may not ask a federal district court to review and reject a state court judgment even when, as here, Plaintiff claims that the state court's action was unconstitutional. *See Dakota v. Brown*, No. 3:12 CV 2110, 2012 WL 5378733, at *5 (N.D. Ohio

Oct. 31, 2012) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)); *see also Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-510 (6th Cir. 2000) (Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to determine the validity of state court judgments, as well as constitutional claims "inextricably intertwined" with state court decisions.) (citations omitted).

Plaintiff asks this court to terminate the Juvenile Court's child support order and refund wages and personal property taken to fulfill his child support obligations, and is precisely the kind of challenge to a state court decision that is barred by the *Rooker-Feldman* doctrine. *Rowe v. City of Detroit*, 234 F.3d 1269 (Table) (6th Cir. 2000) ("Because Rowe's complaint seeks federal court review of state court orders regarding child support, the *Rooker-Feldman* doctrine precludes the exercise of federal jurisdiction.") (citing *Feldman*, 460 U.S. at 486; *Rooker*, 263 U.S. at 415-16); *see also Belock v. Burt*, 19 F. App'x 323, 324 (6th Cir. 2001) (affirming the district court's decision that it "lacked jurisdiction to review the support orders of the Geauga County Common Pleas Court"). Only the United States Supreme Court has jurisdiction to consider appeals of state court judgments. *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States.") (citing *Feldman* and *Rooker*).

Accordingly, to the extent that state court proceedings concerning the child support order have concluded, the court lacks jurisdiction over this matter and it is dismissed pursuant to § 1915(e)(2)(B) and Rule 12(b)(1).

### 3. Defendants are immune from suit

Finally, even if this action were not subject to dismissal pursuant to *Younger* or *Rooker-Feldman*, the case would nevertheless be dismissed because Defendants are immune from suit. Defendant judges and magistrates are entitled to judicial immunity. Absolute judicial immunity attaches where a judicial officer acts in his or her official judicial capacity, that is, a function normally performed by a judge. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). The actions of defendants Ryan, Basinksi, Kilbane, Madigan, and Bush described in the Complaint with respect to the child support order are well within their role as judicial officers, and there are no allegations that plausibly suggest any of the judicial defendants lacked jurisdiction or acted outside of their judicial function. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (a judge is not immune from liability for nonjudicial actions or for actions taken in the complete absence of all jurisdiction) (citations omitted). Therefore, defendants Ryan, Basinksi, Kilbane, Madigan, and Bush are immune from suit and dismissed from this action. *Cikraji v. Messerman*, No. 1:13CV2059, 2014 WL 2965281, at *5-6 (N.D. Ohio June 30, 2014) (judges and magistrates issuing child support orders in a county where the CSEA is the local Title IV-D agency are entitled to absolute judicial immunity).

Also entitled to immunity for their roles with respect to the child support order are defendant assistant county prosecutors Bailey-Williams, McClurg, and Hannan, and they are also dismissed from this action. *See Johnson v. Hutcheson*, No. 3:15CV00320, 2015 WL 5679637, at *4 (S.D. Ohio Sept. 28, 2015) (recommending that § 1983 claims against Greene County assistant prosecutor be dismissed because she is entitled to immunity for actions in connection with plaintiff's child support case) (citing *Eldridge v. Gibson*, 332 F.3d 1019, 1021-22 (6th Cir. 2003)), report and recommendation adopted, No. 3:15CV00320, 2015 WL 6391214 (S.D. Ohio Oct. 21, 2015).

## IV. CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted but, for the reasons stated above, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b)(1).

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.          */s/ SOLOMON OLIVER, JR.*
                           UNITED STATES DISTRICT JUDGE

October 31, 2019

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.